```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT

Charles Chandler,              :
       Plaintiff,              :
                               :
       v.                      :     Case No. 1:11-cv-108
                               :
Karen Carroll, Richard         :
Carroll, and David             :
Howard,                        :
       Defendants.             :
```

<u>OPINION AND ORDER</u>
(Docs. 5, 6 and 8)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming that two Vermont state court judges and a state court clerk have violated his civil rights. Chandler's claims include allegations that Judge Karen Carroll violated his right to counsel in a criminal case and wrongfully ordered police officers to enter his home. Chandler also claims, among other things, that clerk Richard Carroll altered audio recordings from a court hearing, and that Judge David Howard allowed him to be physically attacked by a member of the Vermont bar.

Pending before the Court are motions to dismiss filed by Judge Carroll, Robert Carroll, and Judge Howard. The motions to dismiss are unopposed. Also before the Court is Chandler's motion to disqualify Judge Murtha from hearing this case. For the reasons set forth below, the motions to

dismiss are GRANTED, the motion to disqualify is DENIED, and this case is DISMISSED.

## Factual Background

The Complaint first alleges that on September 5 and September 12, 2008, in the course of a state court criminal proceeding, Judge Carroll wrongfully threatened Chandler's attorney with a professional conduct complaint.  Judge Carroll reportedly considered contacting the Professional Conduct Board because Attorney William Kraham's health issues were hindering his ability to bring the case to trial.  Attorney Kraham ultimately moved to withdraw as counsel.

Attached to the Complaint is a transcript of the September 12, 2008 hearing, in which Judge Carroll discussed her reasoning: "I had considered filing such a complaint, not because I felt there was any unethical behavior, but because the Court needed assistance in getting certain cases to hearing considering the medical issues that [counsel had] had."  (Paper 1-3 at 4).  After Attorney Kraham reported that his health issues might include a future surgery, Judge Carroll concluded that his condition "is going to play a big role in when this case can be tried.  And this case needs to

be tried, and I'm going to grant [Kraham's] Motion to Withdraw for that reason." *Id.* at 8.

Chandler contends that Judge Carroll's order granting the motion to withdraw caused him to expend significant extra money in legal fees, and denied him his Sixth Amendment right to counsel. He also claims that both Judge Carroll and court clerk Richard Carroll altered audio transcripts "from a hearing that involved the Plaintiff . . . then retaped them to cover up the outrageous and criminal acts by the Defendants." *Id.* at 3.

Chandler further claims that Judge Carroll "did unlawfully and corruptly allow four Vermont State Troopers to invade the Plaintiff's Home/Business to commit the crime of Armed Robbery and to take private property belonging to the Plaintiff." (Doc. 1 at 4.) The Troopers allegedly entered Chandler's home on October 3, 2008 "without a warrant and without any legal cause," held the occupants at gun point, took cash and other items, and smashed a window on Chandler's utility truck. *Id.* The Complaint contends that "[t]he four individuals ordered by [Judge Carroll] caused the Plaintiff to fear for his life and had there not been so many witnesses this Armed Robbery would have most

likely lead to the death of the Plaintiff."  *Id.*

Chandler next alleges that Judge David Howard allowed an attorney "to physically attack the Plaintiff in the Newfane Vermont Court room and did nothing the protect Plaintiff."  *Id.* at 9.  Chandler claims that he brought a lawsuit against the attorney, but the case was dismissed by Judge Howard.  He further claims that Judge Howard wrongfully dismissed his suit against a former Windham County Sheriff, and that the judge has "an ongoing hatred towards the Plaintiff."  *Id.*

In addition to claims of individual misconduct, the Complaint contends that Defendants made a concerted effort to deny him his rights.  Those efforts allegedly included an "ex parte" meeting with the Vermont Supreme Court to "submit[] falsehoods."  *Id.* at 10.  With respect to court clerk Richard Carroll, in addition to the claim that he altered audiotapes, the Complaint alleges that he has undermined Chandler's state court cases by "hiding" Chandler's motions.  Finally, Chandler claims that all Defendants have shown favoritism toward other parties in the course of various state court proceedings.

The Complaint sets forth nine claims for relief,

including allegations of racketeering and constitutional violations. Chandler also accuses Defendants of taking action "to seize the Plaintiff[']s image, embarrass, humiliate, intimidate, and deliberately inflict emotional injury upon the Plaintiff." *Id.* at 13. For relief, he is seeking compensatory and punitive damages, a protective order barring Defendants from having any contact with him or his family, and asks the Court to cite the defendants "with a Criminal Complaint from this Court and prohibit them from holding any public office until the outcome of their Criminal case." *Id.* at 17.

## Discussion

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Their motions test the legal rather than the factual sufficiency of Chandler's complaint. *See, e.g., Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'") (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)). Accordingly, the Court must accept the factual allegations in the complaint as true, *Erickson v. Pardus*,

127 S. Ct. 2197, 2200 (2007), and draw all reasonable inferences in favor of the plaintiff.  *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).

The Supreme Court has held that the standard governing a complaint's legal sufficiency is one of "plausibility." *Bell Atlantic Corp. Twombly*, 550 U.S. 544, 556-60 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  The standard does not require a probability of liability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Pleadings drafted by a *pro se* party must be liberally construed.  *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006).

I.   Judges Carroll and Howard

   A.   *Res Judicata*

Judges Carroll and Howard move to dismiss on the basis of *res judicata* and absolute judicial immunity.  Beginning with Judge Carroll, the first allegation against her is that she threatened Chandler's attorney with a professional

misconduct complaint. Chandler also claims that Judge Carroll wrongfully permitted State Troopers to enter his house and take cash and personal items. Both allegations have been considered, and dismissed, by this Court in a previous case.

In *Chandler v. Carroll*, 2009 WL 2514428, at *3-*4 (D. Vt. Aug. 12, 2009), Judge Murtha found that Judge Carroll was entitled to judicial immunity on both counts. With respect to the claim that Judge Carroll threatened Attorney Kraham, Judge Murtha determined that, as in this case, "[t]he record makes clear . . . that Judge Carroll was concerned about the pace of Chandler's criminal proceeding, and about the impact counsel's health problems might have on getting the case to trial." *Chandler*, 2009 WL 2514428, at *3. As to the incident in which State Troopers allegedly entered Chandler's home at Judge Carroll's direction, Judge Murtha found that "ordering a search and seizure of property is a judicial function under Vermont law," and constituted a "distinctly judicial act." *Id.* (citing Vt. R. Crim P. 41).

"[T]he doctrine of *res judicata* . . . provides that [a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could

have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010). The doctrine applies directly here, as Chandler's first two claims against Judge Carroll were clearly raised and rejected in prior litigation. Those claims are therefore DISMISSED.

    B.   Judicial Immunity

The remaining claims against both Judge Carroll and Judge Howard are barred by judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)). Judicial immunity is overcome in only two situations: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11 (citations omitted).

All of Chandler's allegations against Judges Carroll and Howard encompass acts that were taken in a judicial capacity. Specifically, claims that Judge Howard wrongfully dismissed lawsuits – first involving the attorney who allegedly assaulted Chandler, and subsequently in a case involving a former Sheriff – were clearly judicial in nature. There is no allegation that Judge Howard lacked jurisdiction to issue his orders, or that his conduct somehow fell outside of the scope of his judicial duties. The same is true of allegations that Judges Carroll and Howard have shown favoritism toward other parties, that they have had certain communications with the Vermont Supreme Court, and that Judge Carroll has threatened to deny Chandler his right to "petition the Government for redress of grievances." (Doc. 1 at 7.) Those claims are therefore DISMISSED on the basis of absolute judicial immunity.

C.   Eleventh Amendment Immunity

Judges Carroll and Howard also argue that claims brought against them in their official capacities are barred by the Eleventh Amendment. The Eleventh Amendment generally prohibits plaintiffs from recovering damages from state officials in their official capacities. *See Kentucky v.*

*Graham*, 473 U.S. 159, 169 (1985); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) ("a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment").  The only two exceptions to this general rule apply when there has been an explicit and unequivocal waiver of immunity by a state, or a similarly clear abrogation of the immunity by Congress.  *See Graham*, 473 U.S. at 169; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

Under Vermont law, Eleventh Amendment immunity is specifically preserved with respect to tort claims brought against the State.  *See* 12 V.S.A. § 5601(g).  It is also well settled that Congress did not abrogate state sovereign immunity by enacting Section 1983.  *Quern v. Jordan*, 440 U.S. 332, 340-42 (1979).  Any official capacity claims brought against Judges Carroll and Howard for damages are therefore DISMISSED.

   D.   Injunctive Relief

Finally, to the extent that Chandler is seeking injunctive relief against Judges Carroll and Howard, his claims are barred by statute.  Section 1983 provides that

"in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Here, Chandler does not allege either the violation of a decree or the unavailability of declaratory relief.  All claims seeking injunctive relief against Judges Carroll and Howard are therefore DISMISSED.

II.  Richard Carroll

Defendant Richard Carroll moves for dismissal as well, first arguing that the claims against him are barred by the Eleventh Amendment.  To the extent that Chandler is suing Mr. Carroll in an official capacity and seeking damages, the argument is valid and all such claims are DISMISSED.  *See Graham*, 473 U.S. at 169.

The Complaint identifies Mr. Carroll as "an employee of the State of Vermont and as an individual and citizen and resident of the United States residing in Brattleboro, Vermont."  (Doc. 1 at 2.)  The Court therefore construes the Complaint as suing Mr. Carroll not only in his official capacity, but also in an individual capacity.  *See, e.g., Oliver Sch. Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991);

*McLoud v. Kane*, 491 F. Supp. 2d 312, 316 (E.D.N.Y. 2007).

Mr. Carroll contends that, to the extent any claims survive Eleventh Amendment immunity, they are barred by the doctrines of issue and claim preclusion. Issue preclusion, also known as collateral estoppel, "prevents parties or their privies from religitating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). Claim preclusion, also known as *res judicata*, precludes the same parties from litigating issues that were or could have been raised in a prior proceeding. *Perez v. Danbury Hosp.*, 347 F.3d 419, 426 (2d Cir. 2003).

It is not clear that either doctrine applies to the claims being brought against Mr. Carroll. Mr. Carroll was not a party to any previous lawsuit brought by Chandler, and at least some of the claims currently being brought against him were never raised before. Although Mr. Carroll cites to several of Chandler's prior cases, he does not explain how the claims in those cases would bar all of the allegations currently before the Court. The Court thus declines to dismiss on the basis of either issue or claim preclusion.

12

Mr. Carroll next argues that Chandler's various causes of action fail to state a claim for which relief may be granted. He begins with Chandler's claim under the Racketeering Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1961 *et seq.* Chandler cites 18 U.S.C. § 1951, also known as the "Hobbs Act," which is exclusively a criminal statute and provides no right of action for private citizens. *John's Insulation Inc. v. Siska Constr. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991); *see also Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (collecting cases holding that the Hobbs Act and other criminal statutes do not allow for a private right of action). Any claims under Section 1951 are therefore DISMISSED.

As to RICO claims generally, Chandler must satisfy seven elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (citing 18 U.S.C. §

13

1962(a)-(c)).  "The RICO statute defines a "pattern of racketeering activity" as including 'any act which is indictable' under a series of federal criminal laws, including mail fraud, wire fraud, obstruction of justice, and witness tampering." *Sheridan v. Mariuz*, 2009 WL 920431, at *6 (S.D.N.Y. Apr. 6, 2009).  "[A] RICO plaintiff bears the dual burden of pleading both the 'pattern of racketeering activity' and the substantive violations of federal criminal law that comprise the pattern of racketeering activity."  *Id*.

Chandler does not provide any facts to support his claim that Mr. Carroll was part of an organized "racket," or that he engaged in the type of criminal activities set forth in the RICO statute.  "[C]onclusory allegations are insufficient to survive a motion to dismiss RICO claims," particularly given the "stigmatizing effect a RICO claim can have on a defendant."  *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 473 (S.D.N.Y. 2006).  Chandler's RICO claims against Mr. Carroll are therefore DISMISSED.

Chandler also contends, in his "Sixth Claim for Relief," that Mr. Carroll was involved in the entry and

search of Chandler's home by State Troopers. (Doc. 1 at 14.) The allegation is unsupported by any other facts in the Complaint. Indeed, in the "Factual Allegations" section of the Complaint, Chandler alleges in detail Judge Carroll's contacts with the Troopers. *Id.* at 4. In contrast, the "Sixth Claim For Relief" alleges only that "Defendants R. and K. Carroll did send four Vermont State Troopers to the Plaintiff's Home / Business . . . ." *Id.* at 14. This passing reference to "R. Carroll" speaks to the specious nature of the claim, and the Court is not required to allow such a claim to continue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000).

Mr. Carroll further argues that Chandler's second claim for relief, in which he alleges that Defendants' acts "were to seize Plaintiff's image, embarrass, humiliate" and otherwise cause harm, is ripe for dismissal. As this Court ruled in one of Chandler's previous cases:

> Chandler fails to set forth any facts to explain his "image seizure" claim, either in his complaint or in response to the defendants' motion to dismiss. His claims of harassment and intimidation, while perhaps factually supported, do not fall within the purview of § 1983. *See Calderon v. Wheeler*, 2009 WL 2252241, at *13 (N.D.N.Y. July 28, 2009) ("42 U.S.C. § 1983 is not

>   designed to rectify harassment or verbal abuse.") (citing *Alnutt v. Cleary*, 913 F.Supp. 160, 165-66 (W.D.N.Y.1996)); *see also Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (stating that "verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983"). Similarly, Chandler's claim that he was humiliated does not rise to the level of a constitutional claim. *See, e.g., Caldarola v. City of Westchester*, 142 F. Supp. 2d 431, 441 (S.D.N.Y. 2001) (no constitutionally protected interest in being free from reputational injury).

This same analysis applies here, and Chandler's image seizure and humiliation claims are DISMISSED.

Mr. Carroll next submits that Chandler's seventh claim for relief under the Equal Protection Clause is entirely unsupported. An equal protection claim must set forth two elements: (1) that the plaintiff was treated differently than others similarly situated, and (2) that this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). A plaintiff

need not necessarily show that he is a member of a particular protected group, so long as he alleges that he has been "treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Chandler claims that "Defendants Carroll's [sic]" prevented him from filing a complaint against the Troopers who allegedly entered his home. (Doc. 1 at 15.) He does not set forth any facts about "others similarly situated." Nor has he alleged facts sufficient to state a claim of discriminatory intent. This cause of action is therefore DISMISSED.

Chandler also accuses Mr. Carroll of denying him his right to petition the government for redress in the form of a criminal complaint. (Doc. 1 at 13.) It is well established, however, that "a private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Price v. Hasly*, 2004 WL 1305744, at *1 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981)); *Linda R.S. v. Richard P.*, 410 U.S. 614 (1973)); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 87 (D. Conn.

17

2007)). Consequently, there was no constitutional violation.

Finally, Mr. Carroll contends that Chandler cannot allege a Sixth Amendment violation regarding his right to counsel without first invalidating his conviction. (Doc. 5 at 8) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Even assuming that Mr. Carroll played a role in Attorney Kraham's withdrawal from the criminal case – a fact that is not at all plain from the face of the Complaint or the attached hearing transcript – the claim would undermine the validity of Chandler's conviction, and therefore fails as a matter of law. *See Heck*, 512 U.S. at 486-87; *Lane v. Papadimitrious*, 2010 WL 2803468, at *1 (N.D.N.Y. July 14, 2010) ("Likewise, plaintiff's claim of ineffective assistance of his assigned trial counsel implicates the validity of his conviction and is barred by *Heck*."); *Perez v. Cuomo*, 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009).[1]

For each of these reasons, Defendant Richard Carroll's unopposed motion to dismiss is GRANTED, and the claims against him are DISMISSED.

---

[1] Because the Court finds no plausible claims against Mr. Carroll, it need not reach his assertion of qualified immunity.

III. Motion to Disqualify Judge Murtha

The final matter before the Court is Chandler's motion to disqualify Judge Murtha "from hearing any future complaints or motions from the plaintiff Chandler." (Doc. 8 at 3.) The motion is based entirely upon Judge Murtha's rulings in other cases. "Prior rulings are, ordinarily, not a basis for disqualification." *Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "As the Supreme Court has explained, absent a 'deep-seated favoritism or antagonism that would make fair judgment impossible,' rulings are '[a]lmost invariably ... proper grounds for appeal, not for recusal.'" *Gallop*, 645 F.3d at 520 (quoting *Liteky*, 510 U.S. at 555).

Chandler claims that "Judge Murtha disregards all of the Plaintiff[']s cases as frivolous no matter how serious the injuries are to Plaintiff." (Doc. 8 at 1.) He also cites a "unique relationship" between Judge Murtha and "the Defendants." *Id.* None of these allegations establish "the sort of extreme antagonism required for disqualification." *Id.* Chandler's motion is therefore DENIED.

## Conclusion

For the reasons set forth above, Defendants' unopposed motions to dismiss (Docs. 5 and 6) are GRANTED, Chandler's motion to disqualify (Doc. 8) is DENIED, and this case is DISMISSED.

Dated at Burlington, in the District of Vermont, this 9th day of November, 2011.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court